11-1634-ag
Ou v. Holder

BIA
Abrams, IJ
A088 782 035

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of March, two thousand twelve.

PRESENT:
          JOSÉ A. CABRANES,
          RICHARD C. WESLEY,
          RAYMOND J. LOHIER, JR.,
               *Circuit Judges.*
_____

MING OU, AKA, MING REN,
          *Petitioner,*

          v.                                    11-1634-ag
                                                NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
          *Respondent.*
_____

FOR PETITIONER:        Yee Ling Poon, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Ernesto H. Molina, Jr.,
                       Assistant Director; Jamie M. Dowd,
                       Senior Litigation Counsel, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Ming Ou, a native and citizen of the People's Republic of China, seeks review of a March 31, 2011 order of the BIA, affirming the June 4, 2009 decision of an Immigration Judge ("IJ"), which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ming Ou*, No. A088 782 035 (B.I.A. Mar. 31, 2011), *aff'g* No. A088 782 035 (Immig. Ct. N.Y. City June 4, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as the final agency determination. *See Ming Xia Chen v. BIA*, 435 F.3d 141, 144 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications, such as this one, governed by the REAL ID Act, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her

2

account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). Substantial evidence supports the IJ's adverse credibility determination here.

In finding Ou not credible, the IJ reasonably relied on an inconsistency between Ou's testimony and a letter signed by his pastor and minister regarding the date on which Ou started attending the Church of Grace in the United States. *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). A reasonable fact finder would not be compelled to credit Ou's explanations for these inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). The IJ also reasonably relied on inconsistencies between Ou's testimony and that of his witness with regard to whether Ou ever attended services at the Church of Grace's Brooklyn, New York location, when Ou first became involved in Christianity, and whether he attended any church services prior to his membership in an underground church in China. Although Ou argues that these inconsistencies were too minor to support an adverse credibility determination, "an IJ may rely on *any* inconsistency or omission in making an adverse

3

credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." *Xiu Xia Lin*, 534 F.3d at 167.

Ou also argues that the IJ erred in failing to give him the opportunity to explain non-obvious inconsistencies between his testimony and that of his witness. The IJ may not rest an adverse credibility finding on a non-dramatic, putative inconsistency without first putting the applicant on notice and giving the applicant a chance to reconcile the testimony. *See Ming Shi Xue v. BIA*, 439 F.3d 111, 125 (2d Cir. 2006). Here, as the IJ reasonably found, the inconsistencies between Ou's testimony and that of his witness were not minor, as they directly pertained to when Ou became a Christian, whether Ou openly practiced Christianity in China at any time prior to his membership in an underground church, and whether and to what extent Ou practiced Christianity in the United States. Accordingly, the IJ was not required to specifically request an explanation for the inconsistencies between Ou's testimony and that of his witness. *Ming Shi Xue*, 439 F.3d at 122 n.13.

Furthermore, the IJ reasonably relied on Ou's failure to present adequate corroboration to support his claim that he had been detained, beaten, and fined because of his membership in an underground Christian church in China. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Finally, a reasonable fact-finder would not be compelled to conclude that the IJ ignored any material evidence, as the record indicates that the IJ was aware of the letter from Ou's friend. *See Jian Hui Saho v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006). Although the IJ erred in finding Ou had testified that he did not attend church in China after his arrest, remand would be futile because there is little doubt that the agency would find Ou not credible absent any errors. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 401 (2d Cir. 2005).

Ultimately, because a reasonable fact-finder would not be compelled to conclude to the contrary regarding the inconsistencies in the record and regarding Ou's failure to rehabilitate his testimony with corroborating evidence, the adverse credibility determination was supported by substantial evidence. *See Xiu Xia Lin*, 534 F.3d at 165-66. The adverse credibility determination is dispositive of Ou's

claims for asylum and withholding of removal, as both claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk